UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61756-RAR

**COURTNEY CLAYTON**,

      Plaintiff,

v.

**MOVING PRO LOGISTICS LLC**,
**JORDAN LANCE WALDMAN**,

      Defendants.
_____/

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Default Judgment ("Motion") [ECF No. 17], filed on November 29, 2020. A Clerk's Default [ECF No. 13] was entered against Defendants Moving Pro Logistics LLC and Jordan Lance Waldman on November 5, 2020, after Defendants failed to respond to the Complaint [ECF No. 1] despite having been served. *See* Proof of Service [ECF Nos. 8,9]. The Court having considered the record and noting no opposition to Plaintiff's Motion, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 17] is **GRANTED** for the reasons stated herein. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a default Final Judgment will be entered by separate order.

## BACKGROUND

Plaintiff's Complaint alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") [ECF No. 1]. Plaintiff alleges that from on or about May 28, 2020 through on or about August 6, 2020, Defendants failed to pay the minimum wage hourly rate of $8.56 per hour and full and proper overtime wages of $25.53 per hour. [ECF No. 17-1]. Plaintiff's Motion [ECF

No. 17], seeks entry of a default for Defendants' failure to respond to Plaintiff's Complaint. Plaintiff requests that the Court award damages in the sum of $1,508.70 for unpaid minimum wages, $2,094.49 for unpaid overtime wages, and $3,603.19 for liquidated damages. Additionally, Plaintiff requests $3,720.00 for attorney's fees, and $639.00 for costs. [ECF No. 17].

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "[A] defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206. Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.*; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . .").

## ANALYSIS

### A. FLSA Liability

To maintain a claim to recover unpaid overtime and minimum wages under the FLSA, an employee must establish that the he was employed by an employer covered by the FLSA during the period involved, engaged in commerce or employed by an enterprise engaged in commerce, and that the employer failed to pay him the required wage. *Holtz v. Bagel Mkt., Inc.*, No. 12-CV-62040, 2013 WL 12141515, at *2 (S.D. Fla. Apr. 29, 2013). "Alleging enterprise liability is not onerous; rather, it requires that a plaintiff identify his work and provide only straightforward

allegations connecting that work to interstate commerce, as well as at least bare bones allegations that gross sales exceed $500,000." *Brown v. Everest Moving & Storage, Inc.*, No. 12-CV-62530, 2013 WL 12126001, at *2 (S.D. Fla. Aug. 20, 2013) (internal citations and quotations omitted).

Here, Plaintiff alleges that she was employed by Defendants in the business of moving services during the period of time covered by her claim. [ECF No. 1-3]. Additionally, Plaintiff alleges that Defendants constitute an enterprise engaged in commerce with gross sales in excess of $500,000. [ECF No. 1, ¶ 4]. Plaintiff also asserts that during the course of her employment, she engaged in interstate commerce on a regular and recurring basis. *Id.* ¶ 3. Further, Plaintiff alleges entitlement to damages. Plaintiff alleges entitlement to $1,508.70 for unpaid minimum wages, $2,094.49 for unpaid overtime wages, and $3,603.19 for liquidated damages.

### B. Damages

When entering default judgment on liability, a court is also required to determine the amount of damages. *See* Fed. R. Civ. P. 55(b). Where additional evidence would be unnecessary because the record adequately supports the award of damages, a court need not conduct an evidentiary hearing. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). "In the context, of an FLSA default judgment, affidavits may be the only means of establishing a plaintiff's damages when a defendant employer has not come forward with time records of its own." *Brown*, 2013 WL 12126001, at *2.

Plaintiff has provided an affidavit indicating that she was employed by Defendants during the time period covered by her claim. [ECF No. 17-1]. Plaintiff also claims that from May 28, 2020 through on or about August 6, 2020, she worked an average of 58.75 hours per week and was not paid approximately $1,508.70 in minimum wages and $2,094.49 in overtime wages. *Id.* The Court is satisfied that Plaintiff's affidavit sufficiently alleges her actual damages to be $3,603.19.

With respect to liquidated damages, an employer bears the burden of demonstrating that liquidated damages are not warranted. *See* 29 U.S.C. § 260. In this case, Defendants have not appeared before the Court, nor have they shown in any way that liquidated damages are not warranted. Accordingly, Plaintiff is entitled to liquidated damages. Because Plaintiff is also entitled to an additional equal amount of liquidated damages, Defendants are liable for $7,206.38 to Plaintiff for violating the FLSA.

### C. Attorney's Fees and Costs

The FLSA permits an award of costs and reasonable attorney's fees to a prevailing plaintiff. *See* 29 U.S.C. § 216(b) (stating that in an action to recover for violations of section 207, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The entry of default judgment against a defendant renders a plaintiff the prevailing party. *See Simon v. Leaderscape, LLC*, 565 F. Supp. 2d 1332, 1332 (S.D. Fla. 2008). A reasonable attorney's fee is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). In this case, Plaintiff seeks fees in the amount of $3,720.00 for 9.3 hours worked at the rate of $400 per hour. [ECF No. 17-2] ("Billing Statement"). In addition, Plaintiff seeks $639 in costs, which relate to the filing and service of process. *Id.*

Here, the Court has reviewed Plaintiff's counsel's Billing Statement, and grants Plaintiff's request for $3,720 in fees and $639 in costs. Plaintiff's counsel is the sole shareholder of Koz Law, P.A. and has been practicing in the area of employment law for 11 years. [ECF No. 17 at 2]. The Court finds that the fees sought by Plaintiff are reasonable given the nature and facts of this case. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1329 (S.D. Fla. 2015) (awarding $400

per hour to an attorney in an FLSA case). In addition, the Court find that the costs sought by Plaintiff are compensable. *See Picado v. Lafise Corp.*, No. 13-CV-24214, 2014 WL 4471391, at *6 (S.D. Fla. Sept. 11, 2014) (noting that filing fees and service of process costs are taxable under § 1920).

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 17] is **GRANTED**. A Default Final Judgment will be entered by separate order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of November, 2020.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**

cc: counsel of record